# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| ASSOCIATION 4 EQUAL ACCESS, and MARGARET WILSON, | ) ) ) | |
| Plaintiffs, | ) ) | Case No.    10 CV 5288 |
| v. | ) ) | Judge |
| EASTERN STYLE PIZZA II, LTD., and FOTIS KOULOURIS, | ) ) ) ) | Magistrate Judge |
| Defendants. | ) | JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiffs, ASSOCIATION 4 EQUAL ACCESS ("A4EA"), an Illinois association, and MARGARET WILSON ("Wilson"), individually, on their behalf and on behalf of all other individuals similarly situated, for their Complaint against Defendants EASTERN STYLE PIZZA II, LTD. ("Eastern Pizza") and FOTIS KOULOURIS ("Koulouris") allege as follows:

## Introduction

1. Plaintiffs bring this action pursuant to Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12101 *et seq*.

## Jurisdiction

2. Jurisdiction for this action is founded upon 28 U.S.C. §§1331, 1343(3) and 42 U.S.C. §12188(a)(1).

## Venue

3. Venue is proper in this district pursuant to 28 U.S.C. §1391 as the claim arose and Defendants do business in the city of Chicago, Illinois.

**Parties**

4. Plaintiff A4EA is an Illinois association. Members of A4EA include individuals with disabilities as defined by the ADA, and are representative of a cross-section of the disabilities protected from discrimination by the ADA. The purpose of the association is to represent the interests of its members by assuring places of public accommodation are accessible to and usable by the disabled, and that its members are not discriminated against because of their disabilities. A4EA and its members have suffered and will continue to suffer direct and indirect injury as a result of Defendants' discrimination until the Defendants are compelled to comply with the requirements of the ADA. One or more of A4EA's members has suffered an injury that allows it to bring suit in the association's own right. A4EA has also been discriminated against because of its association with its disabled members and their claims. Plaintiff A4EA is an aggrieved "person" within the meaning of the ADA.

5. Plaintiff Wilson is a resident of Illinois. She is an individual with a disability within the meaning of the ADA because she has a physical impairment that substantially limits one or more of her major life activities in that she uses a wheelchair or cane for mobility and must use the restroom more often than persons who are not disabled. Plaintiff Wilson is a member of Plaintiff A4EA.

6. Defendant Eastern Pizza is a restaurant located at 2911 W. Touhy, Chicago, Illinois and is, on information and belief, an Illinois corporation.

7. Defendant Koulouris, on information and belief, owns, leases, operates, uses, and/or otherwise controls the premises occupied and/or used by Defendant Eastern Pizza. Eastern Pizza is an establishment that serves food or drink. People with disabilities are not able

to access Eastern Pizza due to the inaccessibility of the restaurant as set forth herein in greater detail.

8. Eastern Pizza is a place of public accommodation within the meaning of Title III of the ADA.

## **COUNT I**
### **(Violation of ADA)**

9. Plaintiffs hereby incorporate by reference Paragraphs 1 through 8 above.

10. Pursuant to 42 U.S.C. §12182 and 28 CFR 36.201(a), Congress intended for no place of public accommodation to discriminate against an individual on the basis of such individual's disability, with regard to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations at that place of accommodation.

11. Plaintiffs A4EA and Wilson have a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the property as described herein, but not necessarily limited to the allegations contained in paragraph 15 below of this complaint.

12. Defendant Eastern Pizza is located less than five (5) miles from Plaintiff Wilson's home.

13. Plaintiff Wilson frequents the area where Defendant Eastern Pizza is located on a regular basis for the purpose of, among other things, shopping and dining.

14. On or about April 2, 2010, Plaintiff Wilson attempted to access or use the Defendant Eastern Pizza facilities in her wheelchair and/or with her cane to avail herself of the goods and services available at the Eastern Pizza. Plaintiff Wilson was unable access or use Eastern Pizza's facilities.

15. The following conditions exist inside and/or outside the premises owned, operated, controlled, and/or used by Defendant Eastern Pizza at 2911 W. Touhy, Chicago, Illinois:

Doors

(a) The maneuvering clearance at the main entrance door does not allow someone in a wheelchair to move their chair directly to the side of the handle side of the door so that they can swing the door open past the other side of their chair and enter the restaurant;

(b) The condition described in paragraph 15(a) above violates Section 4.13.6 of the "ADA Accessibility Guidelines" ("ADAAG"), 28 CFR Part 36, which is incorporated by reference into 42 U.S.C. §12101 *et seq.*;

(c) The front door closer closes at a rate faster than the minimum three (3) seconds at seventy (70) degrees;

(d) The condition described in paragraph 15(c) above violates of Section 4.13.10 of the ADAAG;

Sales and Service Counters

(e) The sales and service counter is more than thirty-six (36) inches in height;

(f) The condition described in paragraph 15(e) above in violation of Section 7.2 of the ADAAG;

Restrooms

(g) The combined number of customer seats and employees on duty at any given time at Defendant Eastern Pizza is in excess of 10 people;

(h) The restaurant does not have a designated public restroom. Employees of Defendant Eastern Pizza use a unisex restroom located in the rear of the restaurant just past the

kitchen area. Customers of Defendant Eastern Pizza must walk through the kitchen area to enter and exit the unisex restroom;

### Water Closets

    (i)      The clear floor space is less than fifty-six (56) inches in length;

    (j)      The condition described in paragraph 15(i) above violates Section 4.16.2 of the ADAAG;

    (k)      The water closet is not located eighteen (18) inches to center from the nearest wall;

    (l)      The condition described in paragraph 15(k) above violates Section 4.16.2 of the ADAAG;

    (m)      There are no grab bars in the water closet;

    (n)      The condition described in paragraph 15(m) above violates Section 4.16.4 of the ADAAG;

### Lavatories and Mirrors

    (o)      The lavatory is mounted such that the rim or counter surface is more than Thirty-four (34) inches above the finish floor;

    (p)      The lavatory is mounted such that it does not provide a clearance of at least twenty-nine (29) inches above the finish floor to the bottom of the apron;

    (q)      The conditions described in paragraphs 15(0) and (p) above violate Section 4.19.2 of the ADAAG;

    (r)      The lavatory knee and toe clearance does not comply with violate Section 4.19.2 of the ADAAG;

  (s)  A clear floor space of thirty (30) by forty-eight (48) inches is not provided in front of the lavatory;

  (t)  The condition described in paragraph 15(s) above violates Section 4.19.3 of the ADAAG;

  (u)  The faucets are not lever-operated, push-type, or electronically controlled mechanisms, and are mounted more than forty-four (44) inches above the finish floor;

  (v)  The condition described in paragraph 15(u) above violates Section 4.19.5 of the ADAAG;

  (w)  The mirror(s) are mounted such that the edge of the reflecting surface is more than forty (40) inches above the finish floor;

  (x)  The condition described in paragraph 15(w) above violates Section 4.19.6 of the ADAAG;

  (y)  There are exposed and uninsulated pipe surfaces under the lavatory;

  (z)  The condition described in paragraph 15(y) above violates Section 4.19.4 of the ADAAG;

  16.  The discriminatory violations described above in paragraph 15 are not an exclusive list of the Defendants' ADA violations.

  17.  On information and belief, sometime on or after June 10, 1997, Defendants altered the storefront of Defendant Eastern Pizza, including but not limited to the main entrance area and/or door(s).

  18.  When Defendants altered the storefront on or after June 10, 1997, they did not make the altered doorway and entrance, or the path of travel to and from the altered area, accessible to persons with mobility disabilities.

19. The ADA expressly prohibits, among other things, discrimination on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations by any person who owns, leases, or operates a place of public accommodation. Discrimination under the ADA includes a failure to render a public accommodation accessible to individuals with disabilities and a failure to remove architectural barriers preventing their access to and use of the facility.

20. Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that has existed prior to January 26, 1992, 28 C.F.R. 36.304(a); in the alternative, if there has been an alteration to Defendants' place of public accommodation since January 26, 1992, then the Defendants are required to ensure to the maximum extent feasible that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 C.F.R. 36.402; and finally, if the Defendants' facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993 as defined in 28 C.F.R. 36.401, then the Defendants' facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

21. Defendants Eastern Pizza and Koulouris have violated Title III of the ADA by their failure to render a public accommodation accessible to individuals with disabilities and their failure to remove architectural barriers preventing their access to, and use of, the facility.

22. Plaintiffs have reasonable grounds to believe that they will continue to be subjected to discrimination in violation of the ADA by Defendants. Plaintiff Wilson plans to return to Eastern Pizza to avail herself of the goods and services available at the property.

23. Plaintiffs have a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the property as described above in paragraph 13 of this complaint.

24. Plaintiffs are without adequate remedy at law and are suffering irreparable harm.

25. Pursuant to 42 U.S.C. §12188, this Court has authority to grant Plaintiffs injunctive relief including an order to alter Eastern Pizza's facilities to make them readily accessible and useable to the Plaintiffs and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendants cure their violations of the ADA.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request this Court:

(a) Enter judgment declaring that Defendants have violated and are violating the ADA;

(b) Enter an injunction ordering Defendants to (i) cease violating the ADA and (ii) to bring their facilities into full compliance with the ADA;

(c) Award compensatory damages in such an amount as the Court finds just and proper;

(d) Grant Plaintiffs their attorney's fees, costs and litigation expenses incurred in the prosecution of this action; and

(e) Grant such further relief as the Court deems just and proper.

Dated:   August 20, 2010　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　ASSOCIATION 4 EQUAL ACCESS and
　　　　　　　　　　　　　　　　　　　　　MARGARET WILSON, Plaintiffs


　　　　　　　　　　　　　　　　　　　　　By: _____/s/ Julie E. Diemer_____
　　　　　　　　　　　　　　　　　　　　　　　　　Plaintiffs' Attorney


Julie E. Diemer
Law Office of Julie E. Diemer, LLC
908 N. Wolcott Ave., Suite 1
Chicago, IL 60622
P (773) 252-1526
F (773) 252-9123
jdiemerlaw@comcast.net